## WHITLEY vs. MOSELEY.

[ACTION ON VERBAL AGREEMENT—PROMISSORY NOTES.]

1. *Charge to jury ; what erroneous.*—W., representing to the wife of M. that he had agreed with her husband for the purchase of his land, received from her the possession, and gave her, as part of the consideration, certain notes of her husband, founded upon valuable consideration, and the value of the rent of another place to which she removed, all of which he procured with Confederate currency. W., repudiating the transaction as a sale of his land, but acknowledging the benefit that accrued to him by having his notes taken up, adjusted the matter with W., by agreeing to pay him a specified sum in Confederate currency, less the rent of his own land during W.'s possession of it,—*Held*, that, in a suit by W. on this agreement, a charge that the jury must find for the defendant, was erroneous.

2. *Same ; measure of recovery in such case.*—The measure of recovery in such a case is the value, at the time of the contract, the true and legal consideration for which the specified sum in Confederate currency was agreed to be paid, less the rent due the defendant.

APPEAL from the Circuit Court of Montgomery.
Tried before Hon. JAMES Q. SMITH.

Whitley induced Moseley's wife, who, as he knew, had no authority in the premises, to agree to sell Moseley's lands to him, by informing her that he had made the contract with her husband, who was then absent in the army. According to Mrs. Moseley's requirements, Whitley paid for the lands, partly with two outstanding notes due by her husband to one Brown and to one McDaniel, and the remainder of the purchase-money in Confederate money, and the rent of another place, to which she removed on giving Moseley possession of her husband's lands. This occurred in 1864, and shortly after this, in October, 1864, Moseley returned home, repudiated the sale, and returned the money paid by Whitley, but acknowledging the benefit received by the taking up of his notes, which Whitley had bought with Confederate money, agreed to pay Whitley

$1437, which was to be reduced by the rent of his place while in Whitley's possession, the amount of the rent to be afterwards agreed on between them. For this indebtedness, Moseley gave Whitley a due bill, which did not state what kind of money it was to be paid in, but there was proof that it was understood and agreed between the parties that the due bill was to be discharged by payment of Confederate money.

The complaint contained two counts. The first declared upon the two promissory notes made by Moseley in favor of Brown and McDaniel, and sets forth specially the purchase of the land, the delivery of the notes to Moseley, Moseley's refusal to sanction the purchase, or to deliver up the notes, and alleges that these notes are now the property of the plaintiff. To this count the court sustained a demurrer, but the grounds of the demurrer do not appear in the record.

The second count was based upon the settlement by Moseley with Whitley, and specially sets forth all the facts as above stated.

This was all the evidence, and the court, at the request of the defendant, charged the jury that if they believed the evidence, they must find for the defendant.

The charge given, and sustaining the demurrer to the first count of the complaint, are now assigned as error.

WATTS & TROY, for appellant.—1. The first count in the complaint stated a good cause of action, and the demurrer ought not to have been sustained.

If it be said that it shows a parol contract for the sale of the land, this was no reason to make the count bad, for it is shown that the contract was rescinded, and the defendant became liable to pay the amount of the notes made by himself, received under the rescinded contract, he having retained them, and refused to deliver them to plaintiff, who is alleged to be the owner thereof.

2. The charge given by the court, that the plaintiff could not recover on the evidence, which is all set out in this bill of exceptions, was clearly erroneous. It is presumed that

the judge gave it on the supposition that a contract payable in Confederate treasury notes could not be enforced. But in this the court mistook the law, as is now well settled by this court.

Even if the agreement shown in the bill of exceptions to pay the balance, $1437, in Confederate money, was illegal and void, still the plaintiff was entitled to recover the amount of the notes executed by the defendant to McDaniel and Brown, which had become the property of plaintiff, and the balance of the rent of the land obtained from Goldsmith, and the amount paid Dr. Sale for defendant.

RICE, SEMPLE & GOLDTHWAITE, *contra*.

B. F. SAFFOLD, J.—The grounds of the demurrer which was sustained to the first count in the complaint, are not stated in the transcript.

The case made by the bill of exceptions is briefly as follows : Whitley, without any authority to do so, represented to Moseley's wife that he had contracted with her husband to buy his land at a given price. Under the influence of this statement, Mrs. Moseley gave up to him the possession of the land, and received from him, as the consideration, certain notes made by Moseley, in favor of other parties, some Confederate money, the value of the rent of another place to which she removed, &c. When Moseley, who was in the Confederate army at the time of this transaction, returned home, he repudiated the contract entered into with his wife. But admitting that he had derived benefit from the payment of his debts by Whitley, he made a settlement or adjustment of matters between them, by which he agreed to pay Whitley an ascertained amount of money, in Confederate currency, to be reduced by the rent of his own land in Whitley's possession.

Upon this contract, made by Moseley after a full understanding of the whole matter, and which seems to be explicitly stated in the special count, Whitley is entitled to recover the amount he is " legally, justly and equitably entitled to receive, according to the contract, by the judg-

ment of the court."—Ord. 26, § 3, Conv. 1865. The measure of recovery is the value, at the time of the contract, of the true and legal consideration for which the specified sum in Confederate currency was agreed to be paid, less the rent due to the defendant. In determining this amount, the court may be sufficiently guided by the principles declared in the cases of *Herbert & Gessler v. Easton*, 43 Ala., and *Bloch v. McNeil*, at the present term.

The judgment is reversed and the cause remanded.